1    UNITED STATES DISTRICT COURT FOR THE
      WESTERN DISTRICT OF WASHINGTON

2                                                   ▬▬ FILED          ▬▬ ENTERED
                                                    ▬▬ LODGED         ▬▬ RECEIVED

3                                                   AUG 01 2007    LK

4              **COMPLAINT**                         AT SEATTLE
                                                    CLERK U.S. DISTRICT COURT
                                                    WESTERN DISTRICT OF WASHINGTON
                                                                        DEPUTY
5        Timothy S. Vernor Pro Se            **C 07-1189** JLR

6            Plaintiff(s)                    Demand for Jury
                                                    Trial
7    vs.

8    Autodesk, Inc; Andrew S. MacKay Attorney at Law; Unknown defendants(s)

9            Defendant(s),

10

11                **Parties to this Complaint:**

12   Plaintiffs Name, Address and Phone Number

13       Timothy S. Vernor
         114 Alaskan Way S #304
         Seattle, WA  98104
14       (206) 650-7470                      **07-CV-01189-CMP**

15

16   Defendant's Name, Address and Phone Number

17       Autodesk, Inc
         111 McInnis Parkway
         San Rafael, CA  94903
18       (415) 507-5000

19   Defendant's Name, Address and Phone Number

20       Andrew S. Mackay
         Donahue Gallagher Woods
21       300 Lakeside Drive Suite 1900
         Oakland, CA  94612

22       (510) 451-0544

23

24

25

*SEA11099 NO ISSU.*

Defendant's Name, Address and Phone Number

Unknown Defendant
Address Unknown

(If you have more defendants, list them using the same outline on another piece of paper.
Attach additional sheets, if necessary)

**Jurisdiction**
(Reason your case is being filed in federal court)

The first-sale doctrine is a limitation on copyright that was recognized by the U.S. Supreme Court in 1908 and subsequently codified in the Copyright Act of 1976, 17 U.S.C. § 109.

The Digital Millennium Copyright Act (DMCA)

Federal General Perjury Statue 18 U.S.C § 1621, 28 U.S.C § 1746

**Statement of Claim:**
(State here as briefly as possible the facts of your case.)

On at least five separate occasions starting in May, 2005 Autodesk, Inc has used the digital millennium copyright act to have my items for sale removed from the eBay site. On each of these occasions I have filed a counter notice with eBay to have the listings reinstated. Autodesk has not brought the appropriate legal action required to keep the item from being re-listed, instead they have continued to submit Notice of Claimed Infringement to eBay to have the item removed under the Digital Millennium Copyright Act.

The item removed was Autocad Release 14 Software. This is a genuine retail version of the software as was stated in the listing on the eBay site. I communicated this by telephone to Andrew S. Mackay Attorney for Autodesk and filed counter notices with eBay stating that my listings did not involve infringing material.

eBay informs intellectual property owners that are seeking to have items removed from the site, that sellers that are repeat violators will have their accounts suspended. Autodesk, Inc reported me on at least five occasions. My eBay account was restricted on June 5th, 2007 and I was not able to list any items on the eBay site. I appealed the decision and was finally able to have the restriction lifted on July 5th, 2007 after Autodesk failed to respond to the counter notice I filed. I lost revenue by not being able to list items for sale during this period.

Andrew S. Mackay, Attorney for Autodesk, Inc is listed as the contact person for Autodesk, Inc on the Notice of Claimed Infringement filed with eBay. Andrew S. Mackay falsely informed me that Autocad software was not and could not be sold.

**Statement of Claim**
(continued):

1
2

I assert that this item was purchased from a retail location. I did purchase this item from the
3  original purchaser. The first Sale Doctrine allows the purchaser to transfer (*i.e.*, sell or give
away) a particular lawfully made copy of the copyrighted work without permission once it has
4  *been obtained. That means that a copyright holder's rights to control the distribution of a*
particular copy end once that copy is sold. Both the original purchaser and myself have the
5  *right to legally sell this item.*

6  Andrew S. Mackay falsely claims the original purchaser had a contract with Autodesk that did
not allow them to transfer the item to me and does not allow me to transfer the item to anyone
else.
7

I assert the first sale doctrine is not a right that can be signed away through
8  contract. This is backed up by case law that includes 1908 Bobbs-Merrill Co v. Straus,
210 U.S. 339 and 1997 Novell v. Network Trade Center 25 F. Supp 2d 1218 (C.D. Utah
9  1997)

10  The contract cited by Mr. Mackay and Autodesk, Inc is a "shrink Warp" contract.
The contract is sealed in a shrink wrapped box. The contract is worded "By opening the
sealed software packet(s), you agree to be bound by the terms and conditions of this
11  license agreement". The definition of a contract is an agreement between parties. A
shrink wrap contract cannot be read by the purchaser until they open the box, which
12  according to the contract constitutes agreement. A shrink wrap contract is not a legally
binding contract. Autodesk, Inc does not have a contract or License Agreement with
myself, the original purchaser of this item or any individual who has ever purchased a
13  copy of Autocad Release 14. Klocek v. Gateway, Inc found that in general, a user is not
obligated to read, let alone consent to any literature or envelope packaging that may be
14  contained inside a product; otherwise such transactions would unduly burden users who
have no notice of the terms and conditions of their possession of the object purchased.

15
Autodesk, Inc, Andrew Mackay and the individual(s) who signed the Notice of
Claimed Infringement do understand the first sale doctrine and do know the contract
16  enclosed with the item is not valid. The illegal claim made under penalty of perjury in
the Notice of Claimed Infringement to eBay was made with malicious intent to cause
17  harm to the plaintiff.

18  The Digital Millennium Copyright Act was illegally used to have the items
removed from the eBay site. The DMCA requires intellectual property holders to have a
good faith belief to have content removed from an online service provider. Since the
19  defendants knew the items were not infringing they could not have had a good faith
belief when they submitted the Notice of Claimed Infringement to eBay. The Notice of
20  Claimed Infringement is signed under penalty of perjury. The individual(s) who signed
these notices are individually liable. I will subpoena the Notice of Claimed Infringement
from eBay and Autodesk to prove the Notices of Claimed Infringement originated from
21  Autodesk, Inc or its agent and obtain the identity of the signor(s). The signor is the
Unknown defendant named in this complaint.
22

23  Perjury was committed on multiple occasions by the unknown defendant under the direction of
Autodesk, Inc and under the advice of Andrew Mackay. An agreement of two or more people
24  to commit a crime or to accomplish a legal end through illegal actions is a conspiracy. The
parties described did have a general intent to violate the law to have my listings removed under
*the DMCA and therefore are all guilty of perjury.*
25

**Statement of Claim**
(continued):

Perjury was committed on multiple occasions by the unknown defendant under the direction of Autodesk, Inc and under the advice of Andrew Mackay. An agreement of two or more people to commit a crime or to accomplish a legal end through illegal actions is a conspiracy. The parties described did have a general intent to violate the law to have my listings removed under the DMCA and therefore are all guilty of perjury.

Autodesk is illegally using the Digital Millennium Copyright Act to limit competition. I sell items to buyers in all 50 states on a regular basis. The individuals who placed bids on this item before it was ended were located in stated other than my state of Washington. Autodesk, Inc is interfering with interstate commerce.

When used copies of its software are not available for purchase, additional new copies are sold. Autodesk has attempted to block all sales of opened software from the eBay site. I will seek to subpoena all of the Notice of Claimed Infringement sent from Autodesk to eBay to have items removed from the site in order to establish the scope of the illegal activity. I will establish that this conduct of intentionally making a false representation of a material fact, with the intent to deceive constitutes fraud on a large scale. This fraud has caused me damage.

Andrew S. Mackay is much more involved in this case than simply being Autodesk's Attorney. He regularly assists Autodesk fraudulent activities by intimidating eBay sellers with false claims of Autodesk's license agreement that he knows are invalid and threatening legal action he knows he will never bring because his claims are invalid. Mr. Mackay expresses opinions that are false, while claiming or implying to have special knowledge of the subject matter of his opinion. I have two letters from him that will establish this. This constitutes fraud on his part. His fraud has caused me damage. This is the reason Andrew. S Mackay is listed as a defendant in this complaint.

Autodesk, Inc, Andrew S. Mackay and Unknown Defendant(s) have caused harm to my business and legal rights.

**Relief**

I am asking for $7,000 in compensatory damages for lost sales during the time my eBay account was suspended

I am asking for $350.00 for my cost related to the filing fee plus any additional costs incurred as provided by the DMCA

I am asking for $10,000,000 (ten million dollars) in punitive damages. This is a reasonable amount due to Autodesk's size and sales volume. Autodesk's revenues are almost 2 Billion dollars per year. I feel Autodesk's repeated use of illegal and unfair business practices to limit competition require a substantial penalty. Each new copy of Autodesk's software cost almost $4000.00. Keeping used copies from being sold through illegal means have provided a large profit for Autodesk. Autocad's illegal conduct is calculated to maximize profit at the expense of the individual consumer.

8/1/07